IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MISTRIEL,

              Plaintiff,

KERN COUNTY, et al.,

              Defendants.

CV F 03 6922 AWI WMW P

ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS TIME BARRED

       Plaintiff filed this action on December 24, 2003. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court has reviewed plaintiff's complaint. Plaintiff's claim appears to be barred by the statute of limitations. Accordingly, plaintiff shall be provided with the opportunity to show cause why this action should not be dismissed, with prejudice, as time barred.

       Federal law determines when a civil rights claim accrues. See Elliott v. City of Union City, 25 F.3d 800, 801-802 (9th Cir. 1994). Under federal law, a claim accrues when the plaintiff knows or has

1

reason to know of the injury which is the basis of the action. <u>Kimes v. Stone</u>, 84 F.3d 1121, 1128 (9th Cir.1996). Because section 1983 contains no specific statute of limitations, federal courts should borrow state statues of limitations for personal injury actions in section 1983 suits. See <u>Wilson v. Garcia</u>, 471 U.S. 261, 276 (1985); <u>Torres v. City of Santa Ana</u>, 108 F.3d 224, 226 (9th Cir. 1997); <u>Vaughan v. Grijalva</u>, 927 F.2d 476, 478 (9th Cir. 1991). At the time plaintiff's claim accrued, the applicable statute of limitations in California for section 1983 claims was one year. Cal. Civ. Proc. Code § 340(3); <u>Abreu v. Ramirez</u>, 284 F.Supp.2d 1250, 1255-1258 (C.D.Cal. Sept. 25, 2003) (Cal. Civ. Proc. § 335.1, extending the statute of limitations from one year to two years, does not apply to claims that accrued prior to January 1, 2003).

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See <u>Hardin v. Straub</u>, 490 U.S. 536, 539 (1989). Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Thus, incarcerated plaintiffs have three years from the date that the cause of action accrued in which to file suit, if the cause of action accrued while said plaintiff was incarcerated.

Plaintiff alleges that between 1977 and 1981, defendants sexually molested plaintiff and subjected plaintiff to sexual enslavement and exploitation.

Plaintiff is complaining of events that occurred between 1977 and 1981. Plaintiff did not file this action until December 24, 2003, after more than three years had passed. Accordingly, plaintiff shall show cause why this action should not be dismissed, with prejudice, as barred by the statute of limitations.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, plaintiff shall show cause why this action should not be dismissed, with prejudice, as barred by the statute of limitations; and

1     3.     The failure to file a response to this order will result in a recommendation that this action be dismissed, with prejudice, as barred by the statute of limitations.     IT IS SO ORDERED.

Mmkd34**Dated:**   **July 13, 2005**       **/s/ William M. Wunderlich**
                                            UNITED STATES MAGISTRATE JUDGE