IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MISTRIEL,

                  Plaintiff,

KERN COUNTY, et al.,

                  Defendants.

CV F 03 6922 AWI WMW P

ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS TIME BARRED

       Plaintiff filed this action on December 24, 2003. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court has reviewed plaintiff's complaint. Plaintiff's claim appears to be barred by the statute of limitations. Accordingly, plaintiff shall be provided with the opportunity to show cause why this action should not be dismissed, with prejudice, as time barred.

       Federal law determines when a civil rights claim accrues. See Elliott v. City of Union City, 25 F.3d 800, 801-802 (9th Cir. 1994). Under federal law, a claim accrues when the plaintiff knows or has

reason to know of the injury which is the basis of the action. <u>Kimes v. Stone</u>, 84 F.3d 1121, 1128 (9th Cir.1996). Because section 1983 contains no specific statute of limitations, federal courts should borrow state statues of limitations for personal injury actions in section 1983 suits. See <u>Wilson v. Garcia</u>, 471 U.S. 261, 276 (1985); <u>Torres v. City of Santa Ana</u>, 108 F.3d 224, 226 (9th Cir. 1997); <u>Vaughan v. Grijalva</u>, 927 F.2d 476, 478 (9th Cir. 1991). At the time plaintiff's claim accrued, the applicable statute of limitations in California for section 1983 claims was one year. Cal. Civ. Proc. Code § 340(3); <u>Abreu v. Ramirez</u>, 284 F.Supp.2d 1250, 1255-1258 (C.D.Cal. Sept. 25, 2003) (Cal. Civ. Proc. § 335.1, extending the statute of limitations from one year to two years, does not apply to claims that accrued prior to January 1, 2003).

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See <u>Hardin v. Straub</u>, 490 U.S. 536, 539 (1989). Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Thus, incarcerated plaintiffs have three years from the date that the cause of action accrued in which to file suit, if the cause of action accrued while said plaintiff was incarcerated.

Plaintiff alleges that between 1977 and 1981, defendants sexually molested plaintiff and subjected plaintiff to sexual enslavement and exploitation.

Plaintiff is complaining of events that occurred between 1977 and 1981. Plaintiff did not file this action until December 24, 2003, after more than three years had passed. Accordingly, plaintiff was directed to show cause why this action should not be dismissed, with prejudice, as barred by the statute of limitations.

Plaintiff filed a response to the order to show cause. Plaintiff correctly notes that Section 340.1(c) of the California Code of Civil Procedure provides a claim of childhood sexual abuse that would otherwise be barred as of January 1, 2003, "solely because the applicable statute of limitations has or had expired, is revived, and in that case, a cause of action may be commenced within one year

of January 1, 2003."

Section 340.1(g) provides that "every plaintiff 26 years of age or older at the time the action is filed shall file certificates of merit as specified in subdivision (h). Such certificates "shall be executed by the attorney for the plaintiff and by a licensed mental health practitioner selected by the plaintiff declaring, respectively, as follows, setting forth the facts which support the declaration."

Further, Section 340.1(e) defines childhood sexual abuse as

> any act committed against the plaintiff that occurred when the plaintiff was under the age of 18 years and that would have been proscribed by Section 266j of the Penal Code; Section 285 of the Penal Code; paragraph (1) or (2) of subdivision (b), or of subdivision (c), of Section 286 of the Penal Code; subdivision (a) or (b) of Section 288 of the Penal Code; paragraph (1) or (2) of subdivision (b), or of subdivision (c), of Section 288a of the Penal Code; subdivision (h), (I) or (j) of Section 289 of the Penal Code; Section 647.6 of the Penal Code; or an prior laws of this state of similar effect at the time the act was committed.

Plaintiff sets forth vague allegations and conclusory references regarding molestation, bondage, torture and sexual enslavement. Plaintiff alleges that these events occurred from 1997 through 1981 "during which interval plaintiff, at ages 13 through 17, was sexually enslaved, molested, bonded, tortured and exploited as a youth by defendants. In instances reminiscent of the scandals plaguing the Catholic Church, but notoriously distinguishable, defendants prominently dubbed "The Lord of Bakersfield" sexually enslaved, molested and exploited adolescents in which to protect their pederast network activity."

The allegations of the complaint indicate that Plaintiff was at least 39 years of age when this action was filed. Plaintiff must therefore comply with Section 340.1(g). Further, the complaint falls short of specific allegations that meet the definition of childhood sexual abuse as that term is defined in section 340.1(e). The civil rights statute on which this action proceeds requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do

that causes the deprivation of which the complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff may not revive this action pursuant to Section 340.1 merely be alleging that he was subjected to sexual abuse by an organization of individuals. Though Plaintiff names several individual defendants, none of them is charged with conduct that meets the definition of Section 340.1(e). Further, because Plaintiff was 26 years of age or over, he must file a certificate of merit pursuant to Section 340.1(h)(1).

The Court will provide Plaintiff with one further opportunity to respond to this order to show cause why the action should not be dismissed as time-barred. In order to do so, Plaintiff must comply with Sections 340.1(e) and 340.(h)(1) of the California Code of Civil Procedure. Failure to do so will result in a recommendation that this action be dismissed as time-barred.

Accordingly IT IS HEREBY ORDERED that Plaintiff shall show cause, within thirty days of the date of service of this order, why this action should not be dismissed as time-barred.

IT IS SO ORDERED.

**Dated:   September 10, 2007**          /s/  **William M. Wunderlich**
                                         UNITED STATES MAGISTRATE JUDGE