# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GLEN MISTRIEL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:03-cv-06922-AWI-YNP PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS<br><br>(Doc. 18) |

  Plaintiff Robert Glen Mistriel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Mule Creek State Prison in Ione, California.  Plaintiff names the County of Kern, Kern County District Attorney's Office, Al Leddy, Steven Tauzer, Ed Jagels, Kern County Personnel Board, Ed Buck, Kern County Probation Department, Glen T. Brown, Sally Rockholt, the Estate of Edwin Buck, the City of Bakersfield, Bakersfield Police Department, Bob Patterson, Don Rogers, Stan Harper, San Felipe Boys' Home, the Bakersfield Californian Newspaper, Alfred 'Ted' Fritts, the estate of Alfred 'Ted' Fritts, Virginia Ginger Moorhouse, Donald H. Fritts, Hurbert 'Eli' Elias, Eli's Clock Emporium, Tommy Tarver, and Does 1-75 as defendants.  For the reasons set forth below, the Court finds that Plaintiff's amended complaint fails to state any claims upon which relief may be granted under section 1983.  Plaintiff's amended complaint will be dismissed.  Plaintiff will be given leave to file an amended complaint within 30 days that cures the deficiencies identified by the Court in his claims.

I. **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

II. **Background**

Plaintiff claims that many prominent individuals from Bakersfield were involved in a secret conspiracy that involved sexually abusing young boys. Plaintiff claims that this conspiracy involved county executives, judges, prosecutors, defense attorneys, businessmen, and a newspaper publisher. Plaintiff contends that he was a victim of this conspiracy between 1977 and 1981. Plaintiff claims

that between the ages of 13 and 17, he "was sexually enslaved, molested, bonded, tortured and exploited" by Defendants.

Plaintiff contends that each Defendant was an active participant in an organization called "The Lords of Bakersfield," which sexually abused young boys. Plaintiff claims that Defendant Tarver ("business owner") lured and seduced Plaintiff into committing "homosexual lewd and lascivious acts for monetary benefit." Plaintiff claims that Tarver introduced Plaintiff to Defendants Buck (Kern County Personnel Board director), Harper, Elias ("business owner"), Fritts, Rogers (California state senator), Jagels (deputy district attorney) and other Doe Defendants who "were also in hunt of sexual gratification from plaintiff." Plaintiff claims that these Defendants sexually abused Plaintiff.

Plaintiff claims that Defendant Tarver was murdered in 1978 and authorities suspected Plaintiff's involvement. Plaintiff was detained and made a ward of the court. Plaintiff was placed under the care of Defendant San Felipe Boys' Home ("SFBH") and placed under Defendant Rockholt's (deputy probation officer) supervision. Plaintiff complains that SFBH and Rockholt permitted the sexual molestations of Plaintiff to continue. Plaintiff claims that Rockholt and SFBH allowed Plaintiff to be removed from their care and placed under the supervision of Defendants Harper, Rogers, Elias and certain Doe defendants. Plaintiff would be sexually molested, intoxicated, and returned to SFBH. Plaintiff complains that Defendant "Eli's Clock Emporium and a Doe acted as a justifiable guise to remove plaintiff under false pretexts that plaintiff was legitimately employed by one or more defendants."

Plaintiff was also used as a "scout" to lure in "Fresh-Minors." Plaintiff claims that Alfred 'Ted' Fritts and former Bakersfield police commissioner Glen Fitts hosted parties attended by Defendants Leddy (district attorney), Jagels, Tauzer (assistant district attorney), Buck, Rogers, Harper, Elias, Tarver, and various Doe defendants. Plaintiff was sexually molested at these parties.

Plaintiff claims that Defendants were aware of these activities and concealed them "through political influence and office exempted each other from accountability." Plaintiff further contends that when political influence could not be used, "escapades of murder were utilized to silence victims or the revelation of defendants' despicable deeds." Plaintiff claims that Alfred 'Ted' Fritts, as

3

publisher of the Bakersfield Californian Newspaper, "dilute[d] associated stories in which to deceive and mislead the public and in his deliberate attempts to protect his pederast proteges."

Plaintiff claims that Defendants' actions deprived Plaintiff of his constitutional rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, and violated 42 U.S.C. §§ 1981, 1983, 1985(3), 1986, 1988, and 5101.

## III.     Discussion

### A.     Acting Under Color of State Law

Plaintiff claims that Defendants Tarver, Buck, Harper, Elias, Alfred 'Ted' Fritts, Rogers, Jagels, Leddy, Tauzer sexually molested Plaintiff. However, Defendants' misconduct does not give rise to a claim under 42 U.S.C. § 1983 because their actions were not taken "under color of state law." Section 1983 provides a cause of action against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. . . ." 42 U.S.C. § 1983. Although Defendants may have held employment with the government or held government offices, "[i]f a government officer does not act within his scope of employment or under color of state law, then that government officer acts as a private citizen." Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) (citing Martinez v. Colon, 54 F.3d 980, 986 (1st Cir.1995); Pitchell v. Callan, 13 F.3d 545, 548 (2d Cir. 1994).

Although Plaintiff alleges that Defendants Buck, Rogers, Jagels, Leddy, and Tauzer held public offices or were employed by the state, there is no indication that Defendants were acting within the scope of their employment or under color of state law when they sexually molested Plaintiff. Plaintiff vaguely alleges that Defendants used their political influence and "office" to cover up their actions. However, these vague allegations are not sufficient to impose liability under section 1983. Defendants' misconduct arose from actions they undertook as private citizens. Plaintiff's own allegations state that the sexual abuse took place at "residential parties." Therefore, Plaintiff has no cause of action against them under section 1983.

///

Plaintiff does not allege that Tarver, Harper, Elias, or Fritts held any state office, was employed by the state, or contracted with the state. Plaintiff fails to provide any explanation as to how these Defendants acted under color of state law. Similarly, Plaintiff fails to allege any facts that suggest that Defendants Eli's Clock Emporium, the Bakersfield Californian Newspaper, Virginia Moorhouse, or Donald H. Fritts were acting under color of state law and are therefore subject to liability under section 1983. Plaintiff has not alleged that any of these Defendants are State entities, State employees, contracted by the State, or were otherwise acting under color of state law. Plaintiff fails to state any cognizable claims against these Defendants.

### B.    Fourteenth Amendment Claims

Plaintiff claims that his rights under the Fourteenth Amendment were violated by Defendants. Governmental agencies generally have no duty to prevent government officers, acting in their private capacity, from intentionally harming Plaintiff. "Generally, there is no constitutional right 'to governmental aid [from private deprivations of constitutional rights] even where such aid may be necessary to secure life, liberty, or property." Van Ort, 92 F.3d at 836 (quoting DeShaney v. Winnebago Cy. Dep't of Social Serv., 489 U.S. 189, 196 (1989)). "[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security." DeShaney, 489 U.S. at 195.

However, "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." DeShaney, 489 U.S. at 199-200. "[W]hen the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs . . . it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause." Id. at 200. The DeShaney court conceded that had the State placed a minor in a foster home operated by its agents, it may give rise to an affirmative duty to protect under the Constitution. Id. at 201 n.9. In response to DeShaney, the Ninth Circuit has acknowledged two exceptions to the general rule that a state's failure to protect an individual from danger does not constitute a violation of the Due Process Clause.

Estate of Amos ex rel. Amos v. City of Page, Arizona, 257 F.3d 1086, 1090 (9th Cir. 2001). First, if a "special relationship" exists because the State takes a person into its custody and holds him there against his will, the Constitution imposes some responsibility for that person's safety and general well-being. Id. (quoting Huffman v. County of Los Angeles, 147 F.3d 1054, 1058-59 (9th Cir. 1998)). Second, a State may undertake a constitutional obligation to protect if the state affirmatively places a person in a dangerous situation. Id. at 1091 (quoting Huffman, 147 F.3d at 1059).

Plaintiff alleges that he was placed under the care of the San Felipe Boys' Home ("SFBH") after Plaintiff's mother was deemed an unfit parent due to her alcoholism. Plaintiff alleges that he was placed under Defendant Rockholt's supervision. Thus, Plaintiff alleges that a "special relationship" exists because the State took him into custody as a child and placed him in a foster home. Therefore, the Constitution imposes some responsibility for Plaintiff's safety and general well-being. The question then becomes how much responsibility the State undertook and whether the State's actions violated its duty to protect Plaintiff. In other words, the Court must determine what legal standard for culpability should be used to determine whether Defendants' conduct violates the Due Process Clause of the Fourteenth Amendment.

The Court will apply the deliberate indifference standard to Plaintiff's claims--the same standard of culpability used in institutional settings. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to claim that prison official violated duty to protect inmate from violence at the hands of other prisoners). Using the same legal standard here is appropriate since the theories of liability are similar. Just as a prison official's deliberate indifference toward a threat of harm from a private individual (another inmate) can violate an inmate's constitutional rights, a state official's deliberate indifference toward a threat of harm from a private individual can violate the constitutional right of a minor placed in the State's custody. Deliberate indifference is also the standard used in claims premised on the second DeShaney exception--situations where a state official affirmatively places the plaintiff in a dangerous situation. Kennedy v. City of Ridgefield, 439 F.3d 1055, 1062-1064 (9th Cir. 2006).

Under the deliberate indifference standard, a plaintiff must demonstrate that a state official disregarded a known or obvious consequence of his actions. Board of County Com'rs of Pryan

County, Okl. v. Brown, 520 U.S. 397, 410 (1997). "'[D]eliberate indifference' is a stringent standard of fault . . . ." Id. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 835, 837 (1994). Merely alleging that a person was in state custody and suffered harm while in state custody is not sufficient to establish that state officials acted with deliberate indifference and violated their constitutional obligation to protect that person from harm.

The Court finds that Plaintiff has not alleged any facts that would hold any state official (acting under color of state law, as opposed to state officials acting in their private capacities, see discussion supra Part III.A) liable under the deliberate indifference standard for their failure to protect Plaintiff. Plaintiff's sole allegation as to SFBH and Rockholt's culpability is the vague allegation that they "permitted the sexual molestations of plaintiff to continue" and "authorized and/or constructively condoned Plaintiff's removal from their care and [into the] supervision [of] defendants Harper, Rogers, Elias, and certain Does. . . ." Plaintiff does not provide any factual allegations that suggest that either SFBH or Rockholt were aware of the sexual abuse that was occurring, or were otherwise aware that allowing Defendants Harper, Rogers, Elias, or other Does to take Plaintiff endangered Plaintiff's health and safety. Thus, there was no allegation that SFBH or Rockholt had actual knowledge of any danger to Plaintiff and failed to protect Plaintiff by allowing Plaintiff to be taken away by third parties who harmed him. Thus, SFBH and Rockholt did not violate their constitutional obligation to protect Plaintiff from harm. Plaintiff fails to state any claims against Defendants SFBH or Rockholt.

Plaintiff has not provided any explanation as to how or why the remaining municipal entities are liable under section 1983 for the violation of Plaintiff's constitutional rights. There is no explanation as to how these entities were aware of any danger that Plaintiff was in. Further, it is unclear how they violated any duty to Plaintiff because Plaintiff does not allege how these entities bore any direct responsibility for the care or supervision of Plaintiff. Plaintiff fails to state any cognizable claims against the County of Kern, the Kern County District Attorney's Office, the Kern County Personnel Board, the Kern County Probation Department, the City of Bakersfield, or the Bakersfield Police Department.

Plaintiff names Bakersfield police chief Bob Patterson and Kern County Probation Department director Glen T. Brown as defendants. It is not entirely clear what Patterson and Brown did or failed to do that resulted in the violation of Plaintiff's constitutional rights. Plaintiff vaguely alleges that Patterson and Brown were "very much cognizant of defendants double-lives, illicit relationships with and exploitation of under-aged minors." Plaintiff further complains that Patterson and Brown failed to contact appropriate authorities or report the sexual misconduct. Plaintiff's vague allegations fail to establish that Patterson or Brown were aware of a specific threat to Plaintiff. It is unclear how Patterson or Brown knew about the existence of any misconduct, and Plaintiff does not allege that Patterson and Brown specifically knew that Plaintiff was being victimized and had a reasonable opportunity to protect Plaintiff from harm. Plaintiff fails to state any cognizable claims against Defendants Patterson and Brown under section 1983 for their failure to protect Plaintiff from harm.

### C. **Plaintiff's Remaining Claims**

Plaintiff claims that his rights under the First, Fourth, and Eighth Amendments were violated. It is unclear how any of these constitutional amendments are implicated by the factual allegations in Plaintiff's complaint. Plaintiff does not identify which rights under these Amendments were violated or explain how any rights under the First, Fourth, or Eighth Amendment are implicated by Defendants actions. Plaintiff alleges that his First Amendment rights were violated, but does not specifically identify which rights. The First Amendment covers a diverse array of rights such as freedom of speech, freedom of press, religious freedom, freedom of assembly, and the right to petition the government. U.S. Const. amend. I. It is unclear how any of these rights are implicated by the allegations in Plaintiff's complaint. The Fourth Amendment pertains to unreasonable searches and seizures. U.S. Const. amend. IV. Plaintiff's claims are more properly construed under the Due Process Clause of the Fourteenth Amendment, rather than the Fourth Amendment. Finally, the Eighth Amendment does not apply to Plaintiff's claims because the Eighth Amendment pertains to cruel and unusual punishments. Plaintiff does not allege that he was being "punished" within the meaning of the Eighth Amendment. If Plaintiff wishes to raise these claims in an amended

///

complaint, Plaintiff must specifically identify the rights as issue and explain how Defendants' actions resulted in the violation of those rights.

Similarly, Plaintiff also claims that Defendants violated 42 U.S.C. §§ 1981, 1983, 1985(3), 1986, 1988, and 5101. Plaintiff provides no explanation as to what these statutes say or how Defendants' actions violated these statutes. From the Court's reading of these statutes and Plaintiff's complaint, it is unclear how they are related. Plaintiff does not explain how these statutes were violated, or how the statutes give rise to liability in a civil action. If Plaintiff chooses to amend these claims, he must clearly and explicitly set forth his causes of action under these statutes in his amended complaint.

## IV.   Conclusion and Order

The Court has screened Plaintiff's amended complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations'", "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   April 13, 2010**          /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE