# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GLEN MISTRIEL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>KERN COUNTY, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:03-cv-06922-AWI-SKO<br><br>**ORDER REGARDING PLAINTIFF'S NOTICE OF CHANGE OF ADDRESS**<br><br>(Docket No. 66) |

　　　　On November 7, 2011, Plaintiff filed a "Notice of Change of Address," noting that his address had changed to 3021 Ogden Lane, Stockton, California, 95206. However, the return address on the Notice of Change of Address reflected Plaintiff's address as "KVSP C8-220, Post Office Box 5013, Delano, California 93216-5103." (Doc. 66.)[1] Unless Plaintiff has been released from custody, 3021 Ogden Lane, Stockton, California 95206, is not an address where Plaintiff actually resides.

　　　　There is no Federal Rule of Civil Procedure or Local Rule in the Eastern District of California concerning the service of court and other legal documentation at an address other than a pro se litigant's actual address of residence. Local Rule 131, Local Rule 182(f), and Local Rule 183(b) require pro se litigants to inform the Court of their addresses and to keep the Court informed

---

[1] Plaintiff previously filed a Notice of Change of Address on August 2, 2011, noting his address as KVSP, P.O. Box 6000, Delano, California, 93216. (Doc. 55.)

of any change in their addresses. There is no authority under which a pro se litigant may request that documents be served at an address where the litigant does not reside. *See Robles v. Mgmt. & Training Corp.*, No. 1:09-cv-01279-AWI-GSA-PC, 2010 WL 3154122, at *2 (E.D. Cal. Aug. 6, 2010) (denying pro se litigant's request to change his address of record to his daughter's address).

While there may be special circumstances under which a court would permit a pro se litigant to change the litigant's address of record to one other than his or her actual address of residence, such circumstances have not been presented here. To the extent that Plaintiff wishes the Court to consider permitting service at an alternative address, he should file a motion that sets forth a statement of the circumstances that warrant this change.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 7, 2011, Notice of Change of Address is DISREGARDED and STRICKEN from the record; and

2. Plaintiff may file a motion requesting service at an alternative address.

IT IS SO ORDERED.

**Dated:   November 10, 2011**          /s/ Sheila K. Oberto
                                                        UNITED STATES MAGISTRATE JUDGE