**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ROBERT GLEN MISTRIEL, | ) | 1:03-cv-06922-AWI-SKO |
| | ) | |
| Plaintiff, | ) | ORDER RE: MOTION TO |
| | ) | DISMISS THIRD AMENDED |
| v. | ) | COMPLAINT |
| | ) | |
| COUNTY OF KERN et al., | ) | (Doc. 63) |
| | ) | |
| Defendants. | ) | |

**I. INTRODUCTION**

Defendant Catholic Charities of the Diocese of Fresno has filed a motion to dismiss the third amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For reasons discussed below, the motion shall be granted without leave to amend.

**II. FACTS AND PROCEDURAL BACKGROUND**

On October 12, 2010, plaintiff Robert Glen Mistriel ("Plaintiff"), an inmate, filed his third amended complaint for civil rights violations pursuant to 42 U.S.C. § 1983 against defendants County of Kern, Kern County District Attorney's Office, District Attorney Ed Jagels, District Attorney Al Leddy,

Estate of Al Leddy, Assistant District Attorney Steven Tauzer, Kern County Personnel Board, Kern County Personnel Board Director Edwin Buck, Estate of Edwin Buck, Kern County Probation Department, Kern County Probation Department Director Glen T. Brown, Kern County Probation Department Probation Officer Sally E. Rockholt, the City of Bakersfield, Bakersfield Police Department, Bakersfield Police Chief Bob Patterson, Bakersfield Police Commissioner Glen Fitts, Estate of Glen Fitts, California State Senator Don Rogers, Campaign Manager to Don Rogers Stan Harper, San Felipe Boys Home, the Bakersfield Californian Newspaper, Alfred 'Ted' Fritts, Estate of Alfred 'Ted' Fritts, Virginia Ginger Moorhouse, Donald H. Fritts, Hurbert 'Eli' Elias, Eli's Clock Emporium, Tommy Tarver, Estate of Tommy Tarver, Child Protective Services and Does 1 through 75, inclusive.  On March 10, 2011, the Magistrate Judge, having screened the third amended complaint, issued findings and recommendations recommending, among other things, that the Court find Plaintiff stated a cognizable claim against defendant San Felipe Boys Home.  On June 6, 2011, the Court issued an order adopting the Magistrate Judge's findings and recommendations in full.  On September 20, 2011, defendant Catholic Charities of the Diocese of Fresno ("Defendant," erroneously sued as San Felipe Boys Home), filed its motion to dismiss the third amended complaint (TAC) pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff did not file an opposition.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility," and thus survives a motion to dismiss, "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the

2

misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009). On a Rule 12(b)(6) motion to dismiss, the court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005). However, the court is not required to accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact or unreasonable inferences. *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

**IV. DISCUSSION**

As a threshold matter, Defendant contends the TAC is barred by the applicable statute of limitations. In his various complaints, Plaintiff alleges he was sexually abused by some of the individual defendants from 1977 to 1981, during the ages of 13 to 17. The gravamen of Plaintiff's claim against Defendant is that Defendant endangered his health and safety in a deliberately indifferent manner, thereby violating his constitutional rights, when it allowed the individual defendants to remove him from Defendant's care and custody, despite the fact Plaintiff had informed Defendant of the abuse. The statute of limitations applicable to an action for damages suffered as a result of childhood sexual abuse may be found in California Code of Civil Procedure § 340.1.

Section 340.1 provides in pertinent part that "[a]n action for liability against any person or entity who owed a duty of care to the plaintiff, where a wrongful or negligent act by that person or entity was a legal cause of the childhood sexual abuse which resulted in the injury to the plaintiff," as here, must be commenced within the later of (1) "eight years of the date the plaintiff attains the age of majority" or (2) "three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the

sexual abuse." Cal. Code Civ. Proc., § 340.1, subd. (a). The statute further provides such actions may not be commenced once a plaintiff has reached his or her 26th birthday unless the defendant "knew or had reason to know, or was otherwise on notice, of any unlawful sexual conduct by an employee, volunteer, representative or agent, and failed to take reasonable steps, and to implement reasonable safeguards, to avoid acts of unlawful sexual conduct in the future by that person." Cal. Code Civ. Proc., § 340.1, subds. (b)(1), (2). Lastly, the statute contains a provision stating such actions that were barred solely because the statute of limitations had already run were revived for a one-year period ending December 31, 2003. Cal. Code Civ. Proc., § 340.1, subd. (c).

Plaintiff filed his original complaint on December 24, 2003, within the one-year revival period. Therefore, the complaint appears to have been timely, even though it would otherwise have been untimely absent the revival period, given Plaintiff was older than 26 at the time of the filing and had not alleged facts to indicate that his discovery of any post-majority injury attributable to the alleged abuse was somehow delayed.[1] Defendant does not dispute the lawsuit was commenced during the revival period, but contends Plaintiff's claim against it is nonetheless time barred because the first pleading in which Defendant was expressly named as a defendant – the second amended complaint (SAC) – was filed after the revival period had ended, but did not relate back to the filing of the original complaint, which was not asserted against Defendant or even any Does.

To relate back to a timely filed complaint, and thus avoid the statute of limitations bar, an amended complaint "must (1) rest on *the same general set of facts*, (2) involve the *same injury*, and (3) refer to the *same instrumentality*, as the original one." *Norgart v. Upjohn Co.,* 21 Cal.4th 383, 408-409, 87 Cal.Rptr.2d 453, 981 P.2d 79 (1999) (emphasis original); *accord, Davaloo v. State Farm Ins. Co.,* 135 Cal.App.4th 409, 415, 37 Cal.Rptr.3d 528 (2005). "The general rule is that an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not

---

[1] Section 340.1 was last amended in 2002. *See* Cal. Code Civ. Proc., § 340.1, as amended by Stats. 2002, ch. 149 (S.B.1779), § 1. Because Plaintiff's action was commenced in 2003, the action is governed by the statute of limitations as it currently appears.

4

the date the original complaint is filed." *Woo v. Superior Court,* 75 Cal.App.4th 169, 176, 89 Cal.Rptr.2d 20 (1999). "A recognized exception to the general rule is the substitution . . . of a new defendant for a fictitious Doe defendant named in the original complaint as to whom a cause of action was stated in the original complaint." *Id*. at 176. An amended complaint is not time barred under those circumstances if it "relates back to a timely original complaint." *Barrington v. A.H. Robins Co.,* 39 Cal.3d 146, 150, 216 Cal.Rptr. 405, 702 P.3d 563 (1985).

San Felipe Boys Home, by which Defendant was erroneously sued, was not named as a defendant until the filing of the SAC on May 23, 2005, nearly a year and a half after the revival period had expired. Therefore, Plaintiff's claim against Defendant was untimely unless (1) Defendant was being substituted for a fictitious Doe defendant named in the original complaint and (2) the SAC related back to the original complaint. Defendant clearly could not have been substituted into the action as a Doe defendant because no Doe defendants were ever named in the original complaint. Even if it had been, the relation back doctrine would have been inapplicable because San Felipe Boys Home was not alleged to have committed any misconduct in the original complaint. In the original complaint, Plaintiff alleged only that he was placed in San Felipe Boys Home; the allegations that San Felipe Boys Home was aware of Plaintiff's abuse but nonetheless allowed various defendants to remove him from its care and supervision did not appear until the SAC. Therefore, Plaintiff's claim against Defendant did not relate back to the original complaint and was timed barred. In light of this conclusion, the Court need not consider Defendant's alternative argument the claim is barred for failure to file a certificate of merit within the applicable limitations period as required by California Code of Civil Procedure § 340.1(h).

**V. DISPOSITION**

Based on the foregoing, Defendant's motion to dismiss the third amended complaint against it is granted without leave to amend.

IT IS SO ORDERED.

Dated: \_\_\_February 6, 2012\_\_\_                                      _____
                                                                      CHIEF UNITED STATES DISTRICT JUDGE