IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GLEN MISTRIEL,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, et. al,<br><br>　　　　　　　Defendants. | NO. 1:03-cv-06922-AWI-SKO<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO CLOSE THIS ACTION<br><br>Document #94 |

## I. INTRODUCTION

Defendants County of Kern, Sally E. Rockholt, and Glen T. Brown filed a motion to dismiss Plaintiff Robert Mistriel's third amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For reasons discussed below, the motion shall be granted without leave to amend and this action shall be closed.

## II. FACTS AND PROCEDURAL BACKGROUND

Plaintiff Robert Mistriel is a state prisoner proceeding pro se in this matter.[1] In the third amended complaint, filed on October 12, 2010, Plaintiff alleges that he was subjected to sexual abuse, molestation and enslavement by multiple defendants known as the "Lords of Bakersfield." The complaint alleges the abuse occurred from 1977 to 1981, while Plaintiff was aged 13 to 17.

---

[1] Because Plaintiff was in custody and proceeding pro se and in forma pauperis, the court was required to screen the complaint.

Plaintiff asserted that he was placed with Defendant Catholic Charities of the Diocese of Fresno (erroneously sued as "San Felipe Boys Home") while the abuse occurred, and Defendant ignored Plaintiff's allegations, allowing the abuse to continue. The complaint also alleges that Defendant City of Bakersfield failed to properly train their employees to detect and report abuse of children, causing Plaintiff's sexual abuse reports to go unheeded. Finally, of relevance to the pending motion to dismiss, Plaintiff alleges that Defendants County of Kern, Rockholt and Brown were responsible for Plaintiff's placement and care while the abuse occurred, and knowingly allowed the abuse to continue.

On March 10, 2011, after screening the third amended complaint, the Magistrate Judge issued Findings and Recommendations, recommending in part, that the Court find Plaintiff adequately stated a cognizable Section 1983 claim against Defendants Rockholt, Brown, City of Bakersfield, County of Kern, and Catholic Charities of the Diocese of Fresno. Plaintiff filed a Notice of Non-Objection whereupon the Court adopted the Findings and Recommendations and ordered service for all Defendants. On February 7, 2012 the Court granted Defendant Catholic Charities of the Diocese of Fresno's motion to dismiss. Plaintiff then moved to dismiss Defendant City of Bakersfield, which the court granted on March 20, 2012. On March 28, 2012, Defendants Brown, Rockholt and County of Kern (hereinafter "Defendants") moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants contend that Plaintiff failed to comply with mandatory prerequisites to bring the action. Plaintiff did not file a response.

**III. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim must be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Court is bound to consider only the facts alleged in the complaint. Fed. R. Civ. P. 12(b)(6). In reviewing a

complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party. *Marceau v. Balckfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). The court must also assume that general allegations embrace the necessary, specific facts to support the claim. *Smith v. Pac. Prop. & Dev. Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004). For a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## IV. DISCUSSION

Normally, child abuse claims against third parties for a failure to protect must be filed before the plaintiff reaches age 26. Cal. Civ. Proc. Code § 340.1(b)(1) (West 2003); *Quarry v. Doe 1*, 89 Cal. Rptr. 3d 640, 647 (2009). However, from January 1, 2003 to January 1, 2004, the California Legislature removed the age 26 cutoff specifically for claims against third party defendants who had the knowledge and ability to protect against abusive behavior, but failed to do so. § 340.1(c); *Quarry*, 89 Cal. Rptr. 3d at 647. In this action, there is no dispute the original complaint was filed on December 24, 2003 and Plaintiff was 39 years old at the time. Section 340.1 subdivision (g) requires plaintiffs over age 26 to file a separate Certificate of Merit for each defendant, in compliance with section 340.1 subdivision (h). Per section 340.1 subdivision (h)(2), there must be a Certificate of Merit from a medical practitioner and:

> The mental health practitioner consulted is licensed to practice and practices in this state and is not a party to the action, that the practitioner is not treating and has not treated the plaintiff, and that the practitioner has interviewed the plaintiff and is knowledgeable of the relevant facts and issues involved in the particular action, and has concluded, on the basis of his or her knowledge of the facts and issues, that in his or her professional opinion there is a reasonable basis to believe that the plaintiff had been subject to childhood sexual abuse.

Furthermore, plaintiffs must also file a Certificate of Merit from an attorney who has reviewed the facts of the case, consulted with a mental health practitioner and concluded that there is a reasonable and meritorious cause for filing the action. § 340.1(h)(1).

The issue before the court is whether Plaintiff properly filed a Certificate of Merit in compliance with the statute, thereby successfully stating a timely claim against Defendants.

3

Defendants contend that Plaintiff's certificate does not meet any of the requirements set forth in section 340.1 subdivision (h) and the complaint is barred by the statute of limitations set forth in subdivision (i). In prior documents, Plaintiff stated that he had certificates as to each defendant. However, he did not respond to Defendant's motion to dismiss.

On July 27, 2005, Plaintiff filed certificates from three different medical practitioners. Two are from licensed medical practitioners. One is from a staff psychologist not licensed to practice, and is therefore inapplicable. Of the two certificates from licensed practitioners, there is little indication that the practitioners knew of the facts and issues relevant to this case. Furthermore, neither certificate concludes that there is a reasonable basis to believe that Plaintiff was subjected to childhood sexual abuse. Both certificates appear to be standard psychiatric evaluations that diagnose the patient and provide recommendations. In other words, the certificates provided only show that both practitioners treated Plaintiff, directly conflicting with subdivision (h)(2). Thus, the certificates fail to comply with several of the requirements set forth in section 340.1 subdivision (h)(2).

Even assuming the certificates are substantively compliant with section 340.1 subdivision (h), plaintiff still failed to satisfy the procedural requirement. Section 340.1 subdivision (i) states that certificates must be filed within 60 days of the original complaint. The original complaint was filed on December 24, 2003. Plaintiff filed the certificates on July 27, 2005, nearly two years after the original complaint.. Therefore, Plaintiff's certificates are time-barred by § 340.1(h).

Lastly, Plaintiff did not file a Certificate of Merit from an attorney. Section 340.1 does not excuse pro se plaintiffs from the Certificate of Merit requirements. *Jackson v. Doe*, 192 Cal. App. 4th 742, 751-52 (2011). The *Jackson* court considered the legislative history and concluded: "To excuse pro se plaintiffs from the Certificate of Merit requirements would create a cavernous loophole in the statute, a loophole that would defeat its statutory goal." *Id.* Thus, Plaintiff does not meet the requirements of section 340.1 subdivision (h)(1) and California law does not permit an exception in this instance.

Plaintiff attempts to base his complaint on section 340.1, Plaintiff has failed to meet the statute's requirements. Thus, Plaintiff fails to state a claim upon which relief may be granted.

## V. DISPOSITION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss the third amended complaint is GRANTED without leave to amend;

2. As this order resolves the remaining claims against Defendants, the Clerk of the Court is directed to CLOSE this action;

3. All pending motions are DENIED as moot.

IT IS SO ORDERED.

Dated:   June 7, 2012

CHIEF UNITED STATES DISTRICT JUDGE

5